Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE LIMA, | ) Case No.: <br> ) <br> ) **COMPLAINT FOR DAMAGES** <br> ) **1. VIOLATION OF THE FAIR** <br> ) **DEBT COLLECTION PRACTICES** <br> ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> ) **2. VIOLATION OF THE** <br> ) **ROSENTHAL FAIR DEBT** <br> ) **COLLECTION PRACTICES ACT,** <br> ) **CAL. CIV. CODE §1788 ET. SEQ.** <br> ) **3. TELEPHONE CONSUMER** <br> ) **PROTECTION ACT, 47 U.S.C §227** <br> ) <br> ) **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| IQ DATA INTERNATIONAL, INC., | |
| Defendant. | |

## COMPLAINT

EVE LIMA ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against IQ DATA INTERNATIONAL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Van Nuys, California..

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

PLAINTIFF'S COMPLAINT

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 1000 SE Everett Mall Way Ste 401, Everett, Washington 98208.

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13. Plaintiff never incurred any debt in connection with a business or commercial activities and therefore, the debt if truly an obligation owed by her, could have only arisen from a financial obligation primarily for personal family or household purposes.

14. Beginning in or around early April 2015, and continuing through August 2015, Defendant's representatives placed repeated debt collection calls to Plaintiff's cellular telephone.

15. Plaintiff has a cellular telephone number that she has had for over a year.

16. Plaintiff has only used this number as a cellular telephone number.

17. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

18. Defendant's harassing debt collection calls derived from numbers including, but not limited to: (888) 248-2509. The undersigned has confirmed that these numbers belong to Defendant.

19. Soon after the calls began in April 2015, Plaintiff told Defendant to stop calling.

20. Despite Plaintiff's request, Defendant continued to call Plaintiff.

21. Once Defendant was aware that its calls were unwanted, any further calls could only have been for the purpose of harassment.

22. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

23. Defendant's automated messages identified its company name as the

caller.

24. Defendant's telephone calls were not made for "emergency purposes."

25. Defendant's actions as described herein were made with the intent to harass and coerce payment from Plaintiff for this alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff after she requested that its calls stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

31. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she requested that its calls stop, and when it engaged in other unfair conduct.

## COUNT IV
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

33. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT V
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

36. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

37. Defendant's calls to Plaintiff were not made for emergency purposes.

38. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, EVE LIMA, respectfully prays for a judgment as follows:

    a. Actual Damages;

    b. Statutory damages;

    c. Reasonable attorney's fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EVE LIMA, demands a jury trial in this case.

                                          RESPECTFULLY SUBMITTED,

DATED: August 14, 2015        KIMMEL & SILVERMAN, P.C.

                                          By: /s/ Amy L. Bennecoff Ginsburg
                                              Amy L. Bennecoff Ginsburg (275805)
                                              Kimmel & Silverman, P.C
                                              30 East Butler Pike
                                              Ambler, PA 19002
                                              Telephone: (215) 540-8888
                                              Facsimile (215) 540-8817
                                              Email: aginsburg@creditlaw.com
                                              Attorney for Plaintiff